UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>TIMOTHY RESLER and<br>KIMBERLY RESLER,<br><br>    Debtors,<br><br>TIMOTHY RESLER and KIMBERLY RESLER, husband and wife,<br><br>    Appellants,<br><br>    v.<br><br>UNITED STATES TRUSTEE,<br><br>    Appellee. | Case No. 1:18-cv-00045-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Debtor-Appellants Timothy Resler and Kimberly Resler's appeal from the United States Bankruptcy Court for the District of Idaho. The appeal is fully briefed and ripe for the Court's review. Having fully reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides this appeal without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court hereby AFFIRMS the bankruptcy court.

## II. BACKGROUND

The general factual background underlying this dispute is set forth in the bankruptcy court's prior Decision and Order. Dkt. 16-2, at 49-55, 60-66. The Court incorporates that background by reference here.[1]

On April 6, 2015, Tim and Kimberly Resler (the "Reslers") filed for chapter 7 bankruptcy in the District of Idaho. Case No. 15-00477-TLM.[2] On December 21, 2015, the United States Trustee (the "Trustee") pursued an adversary proceeding seeking to deny the Reslers a discharge. The complaint alleged, among other things, that the Reslers' bankruptcy discharge should be denied: (1) under 11 U.S.C. § 727(a)(4) because they knowingly and fraudulently made false oaths about their interests in a diamond ring valued at about $46,000—which they had thrown into a lake behind their home— and a cabin in High Valley, Idaho; and (2) under 11 U.S.C. § 727(a)(2) because they transferred or concealed their interests in the ring and the cabin with intent to hinder, delay, or defraud creditors and/or the bankruptcy trustee. A trial in the adversary case was held on June 6, 7, and 8, 2017. The Parties submitted post-trial written closing arguments, after which the

---

[1] Only certain facts are relevant to the Court's decision today. The Court will explain any such facts within the context of its analysis of the Appeal itself. For general background, the Court points the reader to the Bankruptcy decision cited above or the parties' briefs. Dkt. 15, at 10-20; Dkt. 20, at 12-24.

[2] "A chapter 7 bankruptcy case does not involve the filing of a plan of repayment as in chapter 13. Instead, the bankruptcy trustee gathers and sells the debtor's nonexempt assets and uses the proceeds of such assets to pay holders of claims (creditors) in accordance with the provisions of the Bankruptcy Code. Part of the debtor's property may be subject to liens and mortgages that pledge the property to other creditors. In addition, the Bankruptcy Code will allow the debtor to keep certain 'exempt' property; but a trustee will liquidate the debtor's remaining assets." U.S. Courts, *Chapter 7—Bankruptcy Basics*, http://www.uscourts.gov/services-forms/bankruptcy/bankruptcy-basics/chapter-7-bankruptcy-basics.

bankruptcy court issued its written opinion and entered judgment denying the Reslers' discharge. The Reslers now appeal the bankruptcy court's judgment.

## III. STANDARD OF REVIEW

In an action for denial of discharge, the Court reviews the bankruptcy court's findings of fact for clear error; its selection of the applicable legal rules under 11 U.S.C. § 727 de novo; and the application of the facts to the rules requiring exercise of judgements about values animating the rules de novo. *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010). "Where there are two permissible views of the evidence, the [bankruptcy court]'s choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985). Additionally, the Court's review of factual findings is particularly deferential when those findings are based on judgments of witness credibility. *Id.* at 577.

## IV. ANALYSIS

The Reslers raise several issues in their appeal. The vast majority of the findings the Reslers claim to be in clear error are questions of fact. The Court only addresses these insofar as they are relative to the actual claims raised by the Reslers. That said, there are two main legal issues the Court must resolve. First, whether the bankruptcy court clearly erred in denying the Reslers' bankruptcy discharge under 11 U.S.C. § 727(a)(4) for knowingly and fraudulently making false oaths in their bankruptcy case about a $46,000 diamond ring and a cabin. And second, whether the bankruptcy court clearly erred by denying the discharge under 11 U.S.C. § 727(a)(2) for concealing the ring, transferring their interests in the cabin, and concealing their retained interest in the cabin with the intent to hinder, delay, or defraud.

A. *§ 727(a)(2) Concealment of the Ring*

The Reslers claim that the facts do not support the bankruptcy court's finding that the Reslers concealed a diamond ring with intent to hinder, delay, or defraud the Trustee. The Trustee's § 727(a)(2) cause of action required the Court to determine whether (1) The Reslers concealed the ring and (2) whether such concealment was done with actual intent to hinder, delay, or defraud a creditor or the trustee. The Court finds that the facts do support the bankruptcy court's finding and will address each of the Resler's relevant arguments in turn.

First, the Reslers claim that the bankruptcy court erred in finding that the Reslers met with their personal bankruptcy counsel in Fall 2014. In their attempt to show an error, the Reslers simply cite Tim Resler's self-serving testimony offering an alternate explanation— that Tim Resler was meeting with his counsel about corporate bankruptcy, not personal bankruptcy. But a restatement of an alternate explanation already presented at trial is insufficient to overturn a finding of fact. The bankruptcy court is entitled to discredit Tim Resler's alternate explanation and chose to do so. As already noted, the Court will not disturb the bankruptcy court's credibility determinations on appeal absent clear error. *See* <u>Anderson,</u> 470 U.S. at 572; <u>In re Taylor</u>, 884 F.2d 478, 484 (9th Cir. 1989); Fed. R. Civ. P. 56(a)(6). Upon review, the Court finds no clear error.

The Reslers also claim the bankruptcy court erred in finding that there was insufficient evidence establishing when the ring entered the lake. The Reslers say that the Reslers' testimony, as well as Kim Resler's sister Paula's testimony—in which she offered a date on which the ring was thrown into the lake—was "ignored." But the fact that the

bankruptcy court found that certain testimony was not conclusive or credible does not mean that it was "ignored." Here again, after reviewing the record, the Court finds no clear error.

Furthermore, even if the bankruptcy court accepted Paula's testimony as conclusive evidence of when the ring was thrown into the lake, it does not have any bearing on whether the Reslers deliberately lied about the ring when filling out their bankruptcy forms.

Next, the Reslers assert the bankruptcy court erred in finding that the failure to list the ring on their schedules was a conscious decision by the Reslers. They submit that Kim Resler had forgotten about the ring and therefore could not have consciously decided to not list it on the bankruptcy schedule. This testimony, however, is insufficient to show clear error on the part of the bankruptcy court. The bankruptcy court addressed Kim's testimony about forgetting the ring in its decision. Dkt. 16-2, at 57-58. It simply did not believe this testimony because (1) the ring had great monetary and sentimental value, and (2) the ring was thrown into the lake in a dramatic fashion a little over one week prior to meeting with their bankruptcy counsel. *Id.* The Court grants great deference to the bankruptcy court's factual findings based on testimonial evidence. See In re Pagnini, No. ADV 10-4393, 2012 WL 5489032, at *7 (B.A.P. 9th Cir. Nov. 13, 2012) (noting the "heightened deference [reviewing courts] give the [lower] court's decisions based on testimonial evidence").Accordingly, the Court finds no clear error in the bankruptcy court's disbelief of Kim Resler.

Next, the Reslers argue the bankruptcy court erred in finding that the Reslers' failure to list the ring on their Statement of Financial Affairs (SOFA) was deliberate and intentional. The bankruptcy court found that Kim Resler provided inconsistent testimony

bankruptcy court found that certain testimony was not conclusive or credible does not mean that it was "ignored." Here again, after reviewing the record, the Court finds no clear error.

Furthermore, even if the bankruptcy court accepted Paula's testimony as conclusive evidence of when the ring was thrown into the lake, it does not have any bearing on whether the Reslers deliberately lied about the ring when filling out their bankruptcy forms.

Next, the Reslers assert the bankruptcy court erred in finding that the failure to list the ring on their schedules was a conscious decision by the Reslers. They submit that Kim Resler had forgotten about the ring and therefore could not have consciously decided to not list it on the bankruptcy schedule. This testimony, however, is insufficient to show clear error on the part of the bankruptcy court. The bankruptcy court addressed Kim's testimony about forgetting the ring in its decision. Dkt. 16-2, at 57-58. It simply did not believe this testimony because (1) the ring had great monetary and sentimental value, and (2) the ring was thrown into the lake in a dramatic fashion a little over one week prior to meeting with their bankruptcy counsel. *Id.* The Court grants great deference to the bankruptcy court's factual findings based on testimonial evidence. *See In re Pagnini*, No. ADV 10-4393, 2012 WL 5489032, at *7 (B.A.P. 9th Cir. Nov. 13, 2012) (noting the "heightened deference [reviewing courts] give the [lower] court's decisions based on testimonial evidence").Accordingly, the Court finds no clear error in the bankruptcy court's disbelief of Kim Resler.

Next, the Reslers argue the bankruptcy court erred in finding that the Reslers' failure to list the ring on their Statement of Financial Affairs (SOFA) was deliberate and intentional. The bankruptcy court found that Kim Resler provided inconsistent testimony

as to why the Reslers did not list the ring on their SOFA. At first, she explained that their failure to disclose was because the call of the question on the SOFA form did not apply to the ring. The form asked whether the loss was the result of fire, theft, other casualty, or gambling. Because the ring was not lost for any of those reasons, Kim Resler did not list it on the form. Then later, she explained that the failure to list that particular ring was simply inadvertent because she forgot about the ring. The bankruptcy court's discrediting of testimony based on inconsistencies is a central part of its function as a trial court. This Court's role is not to reconsider the credibility of the testimony and it refuses to do so. Therefore, the Court finds no clear error in relation to the Resler's failure to disclose the ring on the SOFA.

The Resler's final argument in relation to the §727(a)(2) claim is that the bankruptcy court erred in finding the Reslers purposefully and intentionally concealed the ring with the intent to hinder, delay, or defraud the Trustee. They claim that the bankruptcy court "failed to identify any facts or support" for their finding of concealment with intent to hinder, delay, or defraud. That is simply not true. The bankruptcy court found that the Reslers failed to disclose the ring on two different forms and that the Reslers continued to conceal the ring "when specifically questioned by the Trustee" about it being listed on their homeowner's insurance policy. Dkt. 16-2, at 59. The bankruptcy court may permissibly find that, absent a credible explanation for why the Reslers repeatedly failed to disclose, the failure to disclose was convincing circumstantial evidence of an intent to hinder, delay, or defraud the trustee. Therefore, the Court finds that there is no clear error.

B. *§ 727(a)(4) False Oaths Claim Regarding the Ring*

The Reslers claim the facts do not support the Court's finding that they fraudulently made materially false oaths about the ring. In summary, the Reslers claim it was impossible for them to have had the requisite fraudulent intent because they forgot about the ring altogether. But, as addressed above, the Court already found this testimony lacked credibility. This finding was based on the Reslers' inconsistent testimony and a lack of likelihood that such an expensive and sentimentally valued ring could be so quickly and easily forgotten. The Court grants great deference to the Court's factual findings, especially when based on credibility of testimony. *Anderson*, 470 U.S. 564 at 577. Therefore, the Court affirms the bankruptcy court's finding in relation to the Trustee's § 727(a)(4) claim related to the ring.

C. *The Reslers' Interest in the Cabin*

The Reslers also dispute the bankruptcy court's denial of discharge based on the Trustee's § 727(a)(2) and § 727(a)(4) claim related to the Reslers' cabin in High Valley Idaho. The Reslers' first argument is that the Trustee waived its § 727(a)(2) claim related to the cabin because the Trustee failed to address it in closing argument. The Court, however, finds there was no such waiver.

The Reslers erroneously rely on *Greater Los Angeles Council on Deafness v. Zolin*, 812, F.2d 1103, 1115-1116 (9th Cir. 1987) to support their argument that the § 727(a)(2) claim of transfer or concealment of an interest in the cabin was waived. In *Zolin*, a party was found to have waived their constitutional claims because they (1) explicitly stated in

their closing argument that they would not pursue the constitutional claims and (2) the trial record clearly showed that the plaintiffs did not rely on the claim. *See Id.*

Here, there was no such explicit statement that the Trustee would not press the § 727(a)(2) claim. And the Court's review of the record shows that substantial evidence about the transfer and concealment of the Reslers' interest in the cabin was presented at trial. For example, the Trustee's closing brief asserts elements of a § 727(a)(2) claim, including a failure to disclose and an assertion that the Reslers had a "secret or beneficial interest in the cabin." Dkt. 16-2, at 126. The Trustee may not have specifically mentioned a § 727(a)(2) claim in the closing argument brief, but the Trustee's pursuit of the claim throughout the trial shows that there was no waiver of the claim.

The Court now moves to the merits of the Reslers' arguments related to the cabin. The Reslers submit that the facts do not support the bankruptcy court's finding that the Reslers transferred their property interest with intent to hinder or delay the Trustee under § 727(a)(2). The bankruptcy court noted that at trial it was undisputed that (1) the Reslers had a knowledge of—at minimum—a lease interest in the cabin and (2) they failed to disclose that interest or the transfer of that interest. Dkt. 16-2, at 62.

The Reslers first assert that Tim Resler never technically "transferred" the interest in the cabin to his son Jeff. The initial lease/purchase agreement for the cabin, signed in April of 2014, was terminated, and the Reslers' son Jeff signed an agreement with identical terms for the same cabin the next month. According to the Reslers, the bankruptcy court construed the term "transfer" too broadly when they determined that this was a transfer. In

order for a transfer to have taken place, argue the Reslers, Tim would have had to transfer the originally signed lease to Jeff.

Contrary to the Reslers characterization of the term "transfer," however, the plain language of the United States Bankruptcy Code defines a transfer as "each mode, *direct or indirect,* of disposing of or parting with . . . an interest in property." U.S.C. § 101(54) (emphasis added). It is obvious that the Reslers' actions fit this definition. They had an interest in the cabin and they parted with it. The Court therefore finds that a transfer took place. Thus, the only question left for the Trustee's § 727(a)(2) claim is whether the Reslers transferred their interest with intent to hinder, delay, or defraud the Trustee.

As noted by the bankruptcy court, an email exchange between Tim and his attorney shows that Tim contemplated an indirect transfer of that interest. In the email exchange, Tim's attorney "suggested Tim move forward with signing the lease/purchase agreement for the cabin and that Jeff or a corporation could purchase the High Valley Cabin in the future in order to "keep it under the radar," referring to shielding the High Valley Cabin from [the Reslers'] creditors. Tim responded "[y]ou are right on. Let [*sic*] write it up." Dkt. 16-2, at 64.

The Reslers argued at trial that this email exchange does not show that Tim wanted to keep his interest in the cabin "under the radar." Dkt. 9, at 258. Rather, argued the Reslers, Tim was concerned with "refinancing the loan on the cabin in the event a judgement was recorded against Valley County Property." *Id.*, Dkt. 15, at 37. While this understanding may be plausible, Tim's frame of mind in relation to the cabin is a question of fact. The Court therefore reviews it for clear error. The bankruptcy court saw this email exchange as

sufficient evidence to find that the Reslers had the necessary intent. And, while the Reslers offer an alternative explanation, the court sees no clear error in the bankruptcy court's disbelief of the alternative explanation. The Court thus finds no clear error in the bankruptcy court's finding and affirms that denial of discharge was proper under § 727(a)(2).

The Reslers were also asked at their § 341 meeting of creditors about a check written for a $111 purchase of a light for a cabin. There, they testified under oath that they were confused about the check and were getting it shipped to a different cabin in California. Kim Resler said, "I don't know why I put cabin there either" and Tim Resler later responded "[w]e only have one cabin, so," and laughed. Dkt. 16-2, at 64-65. The bankruptcy court found that this false testimony, along with their knowledge of and transfer of their lease interest, supported their finding that the Reslers made false oaths knowingly and fraudulently. The Court is not persuaded by the Resler's explanations for their failure to adequately respond to their bankruptcy inquiries. It thus finds no clear error in the bankruptcy court's finding that denial of discharge was proper under § 727(a)(4).

## V. CONCLUSION

Following an exhaustive review of the record, the Court finds no clear error in any of the factual findings of the bankruptcy court disputed by the Reslers. It also finds that the Trustee did not waive the § 727(a)(2) claim in relation to the cabin.

In sum, the Court finds that the bankruptcy court did not err in denying the Reslers' discharge under 11 U.S.C. § 727(a)(4) for knowingly and fraudulently making false oaths in their bankruptcy case about the ring and the cabin, and that the bankruptcy court did not

err in denying the discharge under 11 U.S.C. § 727(a)(2) for concealing the ring, transferring their interests in the cabin, and concealing their retained interest in the cabin with the intent to hinder, delay, or defraud. Accordingly, the Court therefore AFFIRMS the bankruptcy court's judgment.

## VI. ORDER

IT IS HEREBY ORDERED:

1. The Bankruptcy Court's decision denying the Reslers' discharge is AFFIRMED.

DATED: August 29, 2019

_____
David C. Nye
Chief U.S. District Court Judge